OPINION
{¶ 1} Plaintiffs-appellants, Nathaniel E. and Angela M. Burdge appeal from the judgment of the Washington C.H. Municipal Court granting a motion to dismiss in favor of defendant-appellee, The Children's Place Retail Stores, Inc. We affirm the judgment of the trial court.
 {¶ 2} On November 14, 2005, appellants filed a complaint alleging that from July 16, 2005 through October 20, 2005, they purchased goods at various stores owned by appellee. In total, appellants made sixteen separate purchases. With each purchase, appellants received a receipt that had the expiration date of their credit card printed on it.
 {¶ 3} Appellants alleged in their complaint that appellee committed sixteen separate violations of section 1345.02 of the Consumer Sales Practices Act ("CSPA") by printing the expiration date of their credit card on their receipts. The complaint further alleged that appellants were injured by the violations because they must now maintain a heightened level of security regarding the manner in which they maintain their receipts. Appellants prayed for $200 in statutory damages for each of the sixteen violations, declaratory relief, and an award of attorney fees pursuant to R.C. 1345.09(F).
 {¶ 4} The trial court found, as a matter of law, that R.C.1349.18, Ohio's credit card truncation statute, requires a consumer to suffer injury before he or she can state a claim for relief under the CSPA. The court further found that appellant's complaint failed to allege any injury and granted a motion to dismiss in favor of appellee accordingly.
 {¶ 5} This appeal followed, in which appellants raise the following single assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED TO APPELLANTS' PREJUDICE IN GRANTING APPELLEE'S MOTION TO DISMISS APPELLANTS' COMPLAINT."
 {¶ 7} Appellants contend in their single assignment of error that the trial court erred in dismissing their complaint. Specifically, appellants contend that the CSPA does not require a consumer to show any actual damages to state a claim for relief when the claim is based upon a credit card transaction in which the consumer received a receipt with the expiration date of their credit card printed on it.
 {¶ 8} In Burdge v. Kerasotas, Butler App. No. CA2006-02-023, ___ Ohio ___, we found that R.C. 1349.18, Ohio's credit card truncation statute, requires a consumer to suffer actual injury before he or she can state a claim for relief under the CSPA. Based upon our reasoning and holding in Kerasotes, we make the same finding in the case at bar and reach the same result. Accordingly, appellant's assignment of error is overruled.
 {¶ 9} Additionally, appellee made a motion for an award of attorney fees and expenses incurred in connection with this appeal.
 {¶ 10} App.R. 23 allows a court of appeals to require an appellant to pay reasonable expenses of the appellee, including attorney fees and costs, upon a finding that an appeal is frivolous. In re Estate of Hollingsworth (1989),58 Ohio App.3d 14, 15. "A frivolous appeal under App.R. 23 is essentially one which presents no reasonable question for review." Talbott v.Fountas (1984), 16 Ohio App.3d 226.
 {¶ 11} We do not find that the instant appeal presented no reasonable question for review. Thus, we deny appellee's motion for attorney fees and costs.
 {¶ 12} Judgment affirmed.
Walsh and Young, JJ., concur.