DECISION. *Page 2 
{¶ 1} Plaintiff-appellant Nathaniel E. Burdge appeals from the trial court's entry granting summary judgment for defendant-appellee Supervalu Holdings, Inc. ("Supervalu"), and denying summary judgment for Burdge. We affirm the judgment of the trial court and award Supervalu the attorney fees and expenses associated with this frivolous appeal.
 {¶ 2} Burdge alleged in his complaint that Supervalu, doing business as bigg's Hypermarket, had violated Ohio's Consumer Sales Practices Act ("CSPA") and Ohio's credit-card-truncation statute by providing him with electronically printed store receipts displaying his credit card's expiration date.
 {¶ 3} Burdge claimed that he had received his first receipt containing his credit card's expiration date on May 3, 2005. He returned to the same bigg's store on 12 more occasions during the next five weeks and received 12 more receipts containing the expiration date of his credit card. Nine purchases occurred over a ten-day period.
 {¶ 4} On May 26, 2005, after receiving his first three receipts, Burdge sent bigg's a letter stating that he believed bigg's was violating Ohio law. By mid-June, bigg's had changed its cash-register equipment to eliminate the credit-card expiration date from the store's receipts.
 {¶ 5} Supervalu moved for summary judgment on the ground that Burdge had not suffered any actual injury on which his claims could be based. Burdge also moved for summary judgment, claiming that the undisputed evidence of Supervalu's violation of the CSPA and the truncation statute entitled him to statutory damages as a matter of law, regardless of whether he had suffered an actual injury. Alternatively, he argued that he had sufficiently alleged and proven his injury because he had been *Page 3 
"wronged" by bigg's unlawful printing of his credit card's expiration date on 13 receipts. The trial court granted Supervalu's motion for summary judgment and denied Burdge's motion for summary judgment. Burdge challenges the trial court's order in his sole assignment of error.
 {¶ 6} We review the trial court's decision to grant or deny summary judgment de novo, applying the standards set out in Civ.R. 56.[1]
Burdge argues first that the trial court erred as a matter of law by requiring proof of an actual injury to recover for his claims. We find no merit to this argument.
The Credit-Card-Truncation Statute Governs Burdge's Claims
 {¶ 7} Burdge's claims are governed by Ohio's credit-card-truncation statute, R.C. 1349.18, which became effective on July 1, 2004. The truncation statute provides that "[n]o person or limited liability company that accepts credit cards for the transaction of business shall print more than the last five digits of the credit card account number, or print the expiration date of a credit card, on any receipt provided to the card holder."[2] The conduct required of a business by this provision is similar to the conduct required under Section 113 of the federal Fair and Accurate Credit Transactions Act of 2003,[3] but the federal act provided the businesses with lead time to upgrade the cash register or other machine or device that electronically prints the receipts.[4]
 {¶ 8} Ohio's credit-card-truncation statute states that a violation of the statute is an unfair or deceptive act or practice in violation of the CSPA.[5] Thus, a *Page 4 
business that prints a credit-card holder's account expiration date or more than the last five digits of the credit-card account number on a receipt has committed a per se unfair or deceptive act.
 {¶ 9} The statute also provides the Ohio Attorney General with enforcement powers identical to those found in the CSPA in the event of a violation.[6] Additionally, and of great importance to our analysis here, the statute provides that "[a] person injured by a violation of this section has a cause of action and is entitled to the same relief available to a consumer under section 1345.09 of the Revised Code."[7]
 {¶ 10} In a case also involving plaintiff-appellant Burdge, the 12th Appellate District in Burdge v. Kerasotes Showplace Theatres,LLC,[8] held that a private cause of action to remedy a credit-card-truncation statute violation does not exist unless a consumer has suffered an actual injury. The court was persuaded in its holding by the truncation statute's "person injured" language.[9]
 {¶ 11} The court noted that proof of an actual injury is generally not a requirement for a consumer cause of action under R.C. 1345.09, the section of the CSPA that governs a private cause of action for a supplier's commission of an unfair, deceptive, or unconscionable act or practice in connection with a consumer transaction.[10] The legislature did not use the word "injured" in this section.[11]
 {¶ 12} The court in Kerasotes held that that R.C. 1345.09 and the truncation statute must be construed together because R.C. 1345.09 is part of the general laws that form the CSPA, and the credit-card-truncation statute is "a specific provision *Page 5 
enacted at a later time as an amendment to the CSPA."[12] The court employed the rules of statutory construction in concluding that the legislature had used the word "injured" in the truncation statute for a reason — to set out a prerequisite for a private cause of action based upon a violation of the statute.[13] The court also relied upon the strong presumption under Ohio law against any statutory construction that produces an unreasonable or absurd result.[14] The court unequivocally held that "[f]inding that consumers such as appellant can collect $200 in damages, without suffering any injury, any time they visit any merchant in Ohio who has not yet upgraded his or her electronic transaction equipment to comply with current law would lead to seemingly absurd results."[15]
 {¶ 13} Burdge proclaims that the Kerasotes decision was flawed. He argues, as he did in Kerasotes, that the source of his right to statutory damages was not the credit-card-truncation statute, but the CSPA, specifically R.C. 1345.09(B)(2). Burdge argues that Supervalu's conduct constituted acts determined by an Ohio court to be a violation of R.C. 1345.02, and that those acts were committed after the decision of that court had been made available for public inspection.
 {¶ 14} More specifically, Burdge claims that in Kimmel v. Urley Foods,Inc., [16] an Ohio court, through a consent judgment, declared that printing the expiration date of a credit card on a receipt is an unfair or deceptive practice in violation of the CSPA. Further, Burdge contends that the Kimmel case was made available for public inspection at the Ohio Attorney General's office on April 29, 2005, a few days prior to the first violation in this case. *Page 6 
 {¶ 15} Burdge's position, therefore, is that the "injured" language in the truncation statute is meaningless in light of the Kimmel decision. Thus, in his opinion, he is entitled to statutory damages for each of Supervalu's violations, or $2,600, plus attorney fees incurred in bringing litigation on his claims. He claims his position is bolstered by other "authority," including a default judgment entered in favor of Burdge in a separate truncation-statute case and a statement by a deputy state attorney general during a Columbus television news broadcast indicating that a consumer may recover either actual damages or statutory damages for a violation of the truncation statute.
 {¶ 16} But we, like the Kerasotes court, cannot dismiss as superfluous the "injured" language the legislature used in defining the private cause of action for a violation of the credit-card-truncation statute. In incorporating the truncation statute into the CSPA, the legislature used the "injured" language to qualify a private cause of action for a business's failure to comply with the requirements of the truncation statute. Our rationale is bolstered by the legislature's omission of lead time for the upgrade of equipment.
 Burdge Can Show No Injury {¶ 17} We also reject Burdge's argument that he was in fact "injured" by Supervalu's violation of the statute. He claims he was "injured" because he was "wronged" when Supervalu repeatedly provided him with improperly printed receipts. He presented no facts indicating that his credit card had been used without his permission after bigg's allegedly injurious conduct.
 {¶ 18} The Revised Code does not define "person injured" for purposes of the truncation statute. We do not need to provide a precise definition in this case because Burdge's calculated behavior in returning to the offending establishment 12 *Page 7 
times belies any argument that he had been actually "injured" as contemplated by the truncation statute.
 {¶ 19} Supervalu has presented an additional basis for this court to reject Burdge's arguments based upon the Kimmel decision: theKimmel decision did not meet the requirements of RC. 1345.09(B) because it was a consent judgment, and not a decision on the merits in an adversarial proceeding. We do not need to address this argument, as we have already held that the legislature did not intend for a plaintiff to recover under the truncation statute for the printing of a credit-card expiration date on an electronically printed credit-card receipt when he has not suffered an actual injury.
 {¶ 20} In conclusion, we hold that Ohio's credit-card-truncation statute, R.C. 1345.18, requires a consumer to suffer an actual injury to state a claim for relief under the CSPA. Thus, we hold that the trial court properly entered summary judgment for Supervalu and properly denied summary judgment to Burdge. Accordingly, the assignment of error is overruled.
 Motion for Sanctions {¶ 21} Supervalu has moved this court for an award of its reasonable attorney fees and expenses associated with this appeal. Attorney Jane E. Garfinkel submitted an affidavit detailing the true and accurate legal fees and expenses incurred by Supervalu in defending the appeal of this case, which amounted to $2,915.59. Supervalu has requested that this court impose these sanctions upon Burdge and his counsel of record, John W. Ferron, jointly and severally. Supervalu based its motion on both App. R. 23 and Civ.R. 11.
 {¶ 22} App. R. 23 provides a court of appeals with authority to order an appellant or his attorney to pay the reasonable expenses of the appellee, including *Page 8 
attorney fees and costs, where the court determines that the appeal is frivolous.[17] An appeal is deemed frivolous under App.R. 23 when it does not present any reasonable question for review.[18] The function of App. R. 23 is to compensate a non-appealing party for the expenses incurred in having to defend a frivolous appeal and to deter frivolous appeals in order preserve the appellate calendar and limited judicial resources for cases that are truly worthy of the court's consideration.[19]
 {¶ 23} Supervalu also sought sanctions under Civ.R. 11 against Burdge's attorney, John W. Ferron. Civ.R. 11 requires that there be "good ground to support" all documents signed by an attorney. "For a willful violation of this rule, an attorney * * * may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule."[20]
 {¶ 24} We hold that his case warrants sanctions under both App.R. 23 and Civ.R. 11, where Burdge did not present any reasonable question for review on this appeal and his attorney had no good ground to support the filing of the appeal, much less the complaint. Burdge could not demonstrate that an actual injury was not a required element of his claims because R.C. 1345.18 explicitly sets out an injury requirement. Additionally, Burdge and his attorney had been repeatedly advised of this injury requirement by trial courts in opinions decided on their merits prior to March 2, 2006, when the notice of appeal was filed in this case.[21] The facts as *Page 9 
pleaded in the complaint in this and the other cases indicate that Burdge purposely made purchases at stores that were printing his expiration date on his receipt in order to recoup statutory damages totaling at least $12,800. Burdge's actions are totally inconsistent with any allegation of actual injury; rather, his actions demonstrate that he attempted to reap a profit from this activity.
 {¶ 25} We are offended by the contrived nature of this frivolous action, which has wasted much time, paper, and other resources to the prejudice of legitimate disputes between parties, especially those involving the consumer-protection laws of Ohio.
 {¶ 26} We award Supervalu $2,915.59 in attorney fees and expenses and we impose this liability on both Burdge and Ferron, jointly and severally.
Judgment accordingly.
PAINTER, P.J., concurs.
HENDON, J., concurs separately.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] See Sharonville v. Am. Emplrs. Ins. Co., 109 Ohio St.3d 186,2006-Ohio-2180, 846 N.E.2d 833, at ¶ 5.
[2] R.C. 1349.18(A).
[3] 108 P.L. 159 (2003), codified as Section 1681(c)(g), Title 15, U.S. Code. This act amended the Fair Credit Reporting Act.
[4] See Section 1681(c)(g)(3), Title 15, U.S. Code.
[5] See R.C. 1345.18(C).
[6] See id.
[7] Id. (Emphasis added.)
[8] 12th Dist. No. CA2006-02-023, 2006-Ohio-4560, discretionary appeal not allowed, 112 O.St.3d 1469, 2007-Ohio-388, 861 N.E.2d 144.
[9] Id at ¶ 56-58.
[10] Id. at ¶ 55.
[11] See id. at ¶ 56.
[12] Id. at ¶ 54.
[13] See id. at ¶ 58.
[14] See id. at ¶ 59.
[15] Id. at ¶ 59.
[16] (Apr. 29, 2005), Franklin M.C. No. 2005-CVH-006795.
[17] See Riley v. Supervalu Holdings, Inc., 1st Dist. No. C-040668,2005-Ohio-6996, at ¶ 29.
[18] Id., citing Tessler v. Ayer (1995), 108 Ohio App.3d 47, 57,669 N.E.2d 891.
[19] Tessler, 108 Ohio App.3d at 58.
[20] Civ.R. 11.
[21] See Burdge v. The Children's Place Retail Stores, Inc. (Dec. 30, 2005), Washington C.H. M.C. No.-05-CVE-863, affirmed 12th Dist. No. CA2006-01-005, 2006-Ohio-4564, discretionary appeal not allowed, 112 O.St.3d 1469, 2007-Ohio-388, 861 N.E.2d 144; Burdge v. KerasotesShowplace Theatres, LLC, (Dec. 23, 2005), Butler Cty. C.P. No. CV2005-08-2778, affirmed 12th Dist. No. CA2006-02-023, 2006-Ohio-4560, discretionary appeal not allowed, 112 Ohio St.3d 1469, 2007-Ohio-388,861 N.E.2d 144. Burdge v. Subvest 4, LLC, (Apr. 12, 2006), Hamilton Cty. C.P. No. A-0510544, was decided shortly after the notice of appeal was filed in this case.