DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff Todd Krause was injured when someone rear-ended his 1988 Cadillac. At the time of the collision, he was driving his car within the *Page 2 
course and scope of his employment. The issue in this case is whether he was an "insured" under the underinsured motorist coverage of his employer's commercial automobile policy. This Court has concluded that he was not an insured at the time of the collision because his employer's policy only provided underinsured motorist coverage for occupants of automobiles owned by his employer.
 I. {¶ 2} Mr. Krause brought this action against the driver of the car that rear-ended him and against Selective Insurance Company, his employer's insurer. He averred that he was an insured under the underinsured motorist coverage in the commercial automobile policy that Selective had issued to his employer. The trial court determined that he was not an insured under that coverage and granted summary judgment in favor of Selective. Mr. Krause's single assignment of error is that the trial court incorrectly granted Selective's motion for summary judgment.
 II. {¶ 3} In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co.,66 Ohio App.3d 826, 829 (1990). There is no dispute concerning the material facts in this case. Mr. Krause was driving his own *Page 3 
car within the course and scope of his employment at the time of the collision. His employer was covered by a business automobile policy, the provisions of which were before the trial court and are before this Court. The question to be determined by this Court is whether the trial court correctly concluded that an employee driving his own car within the course and scope of employment was not an insured under the underinsured motorist coverage of the business automobile policy Selective provided Mr. Krause's employer.
 {¶ 4} In Scott-Pontzer v. Liberty Mut. Fire Ins. Co.,85 Ohio St. 3d 660 (1999), the Ohio Supreme Court held that an employee of a corporation who was fatally injured in a collision while driving an automobile owned by his wife was an "insured" under the underinsured motorist coverage of his employer's commercial automobile liability policy. The business auto coverage form of that policy provided that the word "you," as used in the policy, meant the named insured shown in the declarations. The definition of "insured," for purposes of the underinsured motorist coverage, included "you." The Supreme Court determined that, because the named insured shown in the declarations was a corporation, "you" meant both the corporation and its employees:
 It would be contrary to previous dictates of this court for us now to interpret the policy language at issue here as providing underinsured motorist insurance protection solely to a corporation without any regard to persons. Rather, it would be reasonable to conclude that "you," while referring to [the corporation], also includes [the corporation's] employees, since a corporation can act only by and through real live persons. It would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a *Page 4 
motor vehicle. Here, naming the corporation as the insured is meaningless unless the coverage extends to some person or persons — including the corporation's employees.
Id. at 664 (internal citation omitted). The Supreme Court further held that the coverage provided corporate employees by the policy there at issue included coverage while they were acting outside the course and scope of their employment.
 {¶ 5} In Westfield Ins. Co. v. Galatis, 100 Ohio St. 3d 216,2003-Ohio-5849, the Ohio Supreme Court limited its holding inScott-Pontzer. Mr. Krause has correctly pointed out that, in doing so, the Supreme Court wrote that it was "restricting the application of uninsured and underinsured motorist coverage issued to a corporation to employees only while they are acting within the course and scope of their employment, unless otherwise specifically agreed."Galatis at ¶ 2. He has argued that, since he was within the course and scope of his employment at the time of the collision, he was an insured under the underinsured motorist coverage of his employer's policy.
 {¶ 6} Insurance policies are contracts, and their interpretation is a matter of law for the court. City of Sharonville v. Am. Employers Ins.Co., 109 Ohio St. 3d 186, 2006-Ohio-2180, at ¶ 6 (citing Alexander v.Buckeye Pipe Line Co., 53 Ohio St. 2d 241, paragraph one of the syllabus (1978)). While the insurance policy at issue in Galatis was, in material part, identical to the policy at issue in Scott-Pontzer, the policy at issue in this case is significantly different. *Page 5 
 {¶ 7} As was true of the policies in Scott-Pontzer andGalatis, the policy in this case provides that the term "you" refers to the named insured in the declarations. Unlike those policies, however, when the named insured in the policy is a corporation or other entity, the definition of insured does not include "you":
 If the Named Insured is designated in the Declarations as:
 . . .
 2. A partnership, limited liability company, corporation, or any other form of organization, then the following are "insureds":
 a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
 b. anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."
The definition of "covered `autos,'" for purposes of the underinsured motorist coverage, does include the term "you":
 OWNED "AUTOS" ONLY. Only those "autos" you own. . . . This includes those "autos" you acquire ownership of after the policy begins.
 {¶ 8} Mr. Krause has argued that the term "you," as used in the definition of covered autos, means both the corporation and the corporation's employees, just as the Ohio Supreme Court determined it meant in Scott-Pontzer. The Supreme Court's conclusion in that case, however, rested in large part on the fact that a corporation itself "cannot occupy an automobile, suffer bodily injury or *Page 6 
death, or operate a motor vehicle." Scott-Pontzer,85 Ohio St. 3d at 664. A corporation can, however, own automobiles. There is nothing nonsensical about concluding that the term "you," in the phrase "[o]nly those `autos' you own," only means the corporation itself.
 {¶ 9} As noted above, in Galatis, the Ohio Supreme Court wrote that it was limiting Scott-Pontzer by restricting underinsured motorist coverage to employees acting within the course and scope of their employment, "unless otherwise specifically agreed." In this case, by limiting the term "insured" to individuals occupying automobiles owned by the corporation, the parties did otherwise specifically agree. They specifically agreed that underinsured motorist coverage was not provided to individuals occupying automobiles not owned by the corporation, regardless of whether those individuals are within the course and scope of their employment. Since Mr. Krause was not occupying an automobile owned by his employer at the time he was injured, he was not an insured for purposes of his employer's underinsured motorist coverage.
 III. {¶ 10} There were no genuine issues of material fact, and Selective was entitled to judgment as a matter of law. Mr. Krause's assignment of error is overruled, and the judgment of the Lorain County Common Pleas Court is affirmed.
 Judgment affirmed. *Page 7 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
 SLABY, P. J. CARR, J. CONCUR. *Page 1