{¶ 1} Appellant, Darlene Miller, appeals the decision of the Cuyahoga County Court of Common Pleas that granted summary judgment in favor of appellees, Geico Indemnity Company ("Geico") and Jennifer McNatt. For the reasons stated herein, we affirm.
 {¶ 2} The following facts give rise to this appeal. Miller owned a 2003 Dodge Caravan that was insured under an automobile policy with Geico. The policy included Wells Fargo Financial, Inc. ("Wells Fargo") as a protected lienholder, as required under the terms of the retail installment contract under which Miller purchased the vehicle.
 {¶ 3} The vehicle was stolen on August 15, 2004, and upon recovery was found to be vandalized and damaged. Miller presented a claim to Geico, and the claim was assigned to McNatt, a Geico claim representative. The applicable provision of the Geico policy provides as follows:
"7. PAYMENT OF LOSS
 "We may pay at our option:
 "(a) pay for the loss; or
 "(b) repair or replace the damaged or stolen property. "At any time before the loss is paid or the property replaced, we may return any stolen property to you or to the address shown in the declarations at our expense with payment for covered damage. We may take all or part of the property at the agreed or appraised value, but there will be no abandonment to us. We may settle claims for loss either with the insured or the owner of the property." *Page 4 
 {¶ 4} Geico obtained a repair estimate for the vehicle in the amount of $9,399.10. This was subject to a $500 deductible and further supplementation. Geico anticipated supplemental repairs of at least $2,000. Geico declared the vehicle a total loss, based on the fair market value of the vehicle, and offered Miller $14,011.16 in full resolution of the claim, which included the $500 deductible.
 {¶ 5} Miller requested that Geico repair the vehicle and not declare it a total loss. Miller stated that she wanted and needed the vehicle. She also owed more on the vehicle than the total loss offer.
 {¶ 6} Subsequently, Miller defaulted on her loan, and Wells Fargo repossessed the vehicle. Notwithstanding Miller's request that the vehicle be repaired, Geico elected to declare the vehicle a total loss. Geico made payment for the total loss directly to Wells Fargo, pursuant to the terms of the policy. However, Miller still owed a deficiency to Wells Fargo.[1]
 {¶ 7} On December 30, 2005, Miller filed a complaint against Geico, McNatt and Wells Fargo. Miller raised claims of breach of contract, fraud, bad faith, theft, and violations of the Ohio Consumer Sales Practices Act.
 {¶ 8} Wells Fargo filed a motion for summary judgment that was granted by the trial court on December 12, 2006. The complaint was dismissed with prejudice as to defendant Wells Fargo. *Page 5 
 {¶ 9} On January 3, 2007, Geico and McNatt filed a motion for summary judgment with supporting affidavits. Miller filed an opposition brief and attached various unauthenticated exhibits. Geico and McNatt filed a motion to strike these exhibits. On or about February 23, 2007, the trial court issued a journal entry that granted the motion to strike and granted summary judgment in favor of Geico and McNatt.
 {¶ 10} Miller timely appealed the February 23, 2007 summary judgment ruling to this court. She has raised one assignment of error, claiming that the trial court erred in granting summary judgment to Geico and McNatt with respect to her various claims.
 {¶ 11} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336. "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v. Mentor Soccer Club,Inc., 82 Ohio St.3d 367, 369, 1998-Ohio-389.
 {¶ 12} Miller alleges that Geico deliberately padded its repair estimate in order to justify declaring the vehicle a total loss. She asserts that it was her desire to have her vehicle repaired and that she obtained her own repair estimate for the vehicle *Page 6 
that was less than the estimate obtained by Geico. Miller states that she had to continue making payments on the vehicle and that she incurred storage charges for the vehicle prior to the time it was repossessed by Wells Fargo.[2] She argues that the trial court erred in granting summary judgment on each of her claims.
 {¶ 13} Our review of the record reflects that in opposing summary judgment, Miller essentially reasserted the allegations set forth in her complaint. In support of her motion, she attached various unauthenticated exhibits that were later stricken by the trial court, which ruling has not been appealed herein. Thus, much of Miller's argument with respect to this appeal unfortunately is premised upon unsubstantiated allegations.
 {¶ 14} It is clear from the record, that Geico and McNatt presented evidence in support of their motion that demonstrated an absence of a genuine issue of material fact as to the essential elements of Miller's claims. McNatt's affidavit established that Geico obtained a repair estimate for the vehicle in the amount of $9,399.10, and anticipated supplemental repairs of at least $2,000. Geico declared the vehicle a total loss, based on the fair market value of the vehicle, and offered Miller $14,011.16 in full resolution of the claim. Pursuant to the Geico policy, Geico had the option to pay for the loss in money, to repair the vehicle, or to replace it. Further, the policy provided that "[Geico] may settle a claim at our option by separate *Page 7 
payment to the insured and the Lienholder [Wells Fargo]." Miller has not claimed that payment was improperly made to Wells Fargo. Nor does she dispute the amount payed for the "total loss" of the vehicle. Rather, she claims that the vehicle was not a total loss and that it was her desire to have the vehicle repaired.
 {¶ 15} An insurance policy is a contract whose interpretation is a matter of law for the court to determine. City of Sharonville v. Am.Emplrs. Ins. Co., 109 Ohio St.3d 186, 187, 2006-Ohio-2180. It is well established that when the language in an insurance policy is clear and unambiguous, the court must enforce the contract as written and give the words their plain and ordinary meaning. Cincinnati Indem. Co. v.Martin, 85 Ohio St.3d 604, 607, 1999-Ohio-322.
 {¶ 16} Here, the clear language of the policy gave Geico the option to "(a) pay for the loss; or (b) repair or replace the damaged or stolen property." The evidence submitted by Geico reflected that the vehicle was a total loss and pursuant to the policy, Geico had the option to "pay for the loss." We find that Geico and McNatt were entitled to summary judgment on Miller's breach of contract claim.
 {¶ 17} From the record before us, we also find that no genuine issue of material fact remains as to Miller's claims for bad faith, fraud or theft. Also, this court has previously recognized that insurance actions are not within the scope of the Ohio Consumer Sales Practices Act.Chesnut v. Progressive Cas. Ins. Co., 166 Ohio App.3d 299, 307,2006-Ohio-2080. As such, we find the trial court properly *Page 8 
granted summary judgment to Geico and McNatt on these claims. Miller's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, PRESIDING JUDGE
ANTHONY O. CALABRESE, JR., J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] Both parties acknowledge that Wells Fargo extinguished its claims for the deficiency owed by Miller.
[2] Miller concedes that the storage charges were paid by Geico. *Page 1