**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 17-4123

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 07, 2018
DEBORAH S. HUNT, Clerk

OAK HILL INVESTMENT IV, LLC; FIRST )
AMERICAN TITLE INSURANCE )
COMPANY, Successor Entity of the Port )
Lawrence Title & Trust Company, Trustee, )

       **Plaintiffs-Appellants,**

v.

STATE FARM FIRE AND CASUALTY )
COMPANY, )

       **Defendant-Appellee.**

)
)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

**OPINION**

---

Before:  **BATCHELDER, MOORE, and LARSEN, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.**  Plaintiffs Oak Hill Investment IV LLC and

First American Title Insurance Company (together, "Plaintiffs") appeal the district court's grant

of summary judgment to Defendant State Farm Fire and Casualty Company ("State Farm").  For

the following reasons, we **AFFIRM** the district court's order granting summary judgment.

**I.  BACKGROUND**

Plaintiffs own a multi-level commercial building in Toledo, Ohio.  *See* R. 16-2 (MSJ Ex.

2, Cornell Aff. ¶ 2) (Page ID #720–21).  State Farm issued an insurance policy to Plaintiffs that

covered this building between December 2014 and December 2015.  *See* R. 15-2 (MSJ Ex. 2,

Policy) (Page ID #613).  During this time period, on June 27, 2015, a major storm hit Toledo.  *See*

R. 16-2 (MSJ Ex. 2, Cornell Aff. ¶ 2) (Page ID #720–21).  The storm caused debris, such as sticks,

leaves, and branches, to clog a scupper drain on the roof. *Id.* ¶ 4 (Page ID #721). Because the rain water could not escape through the drain, the water accumulated on the roof and flowed into the interior of the building through nearby HVAC ducts, which caused significant damage to the interior. *Id.* ¶¶ 3, 4 (Page ID #721). Upon inspection of the building, a State Farm agent determined that the policy did not cover the building's interior damage. R. 13-1 (Pratt Dep. Ex. 1, Denial Letter) (Page ID #203). In light of State Farm's denial of coverage, Plaintiffs filed this action, which was removed from state court to the United States District Court for the Northern District of Ohio on the basis of diversity of citizenship. *See* R. 1 (Notice of Removal) (Page ID #1). On cross motions for summary judgment, the district court granted summary judgment to State Farm on the ground that the policy did not cover the damage and denied Oak Hill's motion. R. 19 (Order) (Page ID #743). Plaintiffs have appealed the district court's judgment. R. 21 (Notice of Appeal) (Page ID #752).

## II. DISCUSSION

We review de novo the district court's grant of summary judgment. *Schleicher v. Preferred Sols., Inc.*, 831 F.3d 746, 752 (6th Cir.), *cert. denied*, 137 S. Ct. 531 (2016). "Summary judgment is warranted only if the record shows that 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wenk v. O'Reilly*, 783 F.3d 585, 593 (6th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)), *cert. denied*, 136 S. Ct. 792 (2016); *see also* Fed. R. Civ. P. 56(a).

"An insurance policy is a contract whose interpretation is a matter of law." *City of Sharonville v. Am. Emp'rs Ins. Co.*, 846 N.E.2d 833, 836 (Ohio 2006). "The fundamental goal . . . is to ascertain the intent of the parties from a reading of the policy in its entirety and to settle upon a reasonable interpretation of any disputed terms in a manner designed to give the contract its intended effect." *Laboy v. Grange Indemn. Ins. Co.*, 41 N.E.3d 1224, 1227 (Ohio 2015). "Words and phrases must be given their plain and ordinary meaning 'unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument.'" *Id.* (quoting *Alexander v. Buckeye Pipe Line Co.*, 374 N.E.2d 146, 148 (Ohio 1978)). "Where the terms are clear and unambiguous, a court need not go beyond the plain language of the agreement to determine the rights and obligations of the parties." *In re All Kelley & Ferraro Asbestos Cases*, 821 N.E.2d 159, 168 (Ohio 2004).

"If provisions are susceptible of more than one interpretation, they 'will be construed strictly against the insurer and liberally in favor of the insured.'" *City of Sharonville*, 846 N.E.2d at 836 (quoting *King v. Nationwide Ins. Co.*, 519 N.E.2d 1380, 1380–81 (Ohio 1988)). "This is particularly true when considering provisions that purport to limit or qualify coverage under the policy." *Westfield Ins. Co. v. Hunter*, 948 N.E.2d 931, 935 (Ohio 2011). Furthermore, "[a]n exclusion in an insurance policy will be interpreted as applying only to that which is *clearly* intended to be excluded." *Id.* (quoting *City of Sharonville*, 846 N.E.2d at 836).

The State Farm Businessowners Coverage Form policy discusses the scope of coverage. First, the policy outlines "Covered Causes Of Loss," and it states the following:

3

SECTION I — COVERED CAUSES OF LOSS

We insure for accidental direct physical loss to Covered Property unless the loss is:

1. Excluded in SECTION I—EXCLUSIONS; or

2. Limited in the Property Subject To Limitations provision.

*See* R. 15-2 (MSJ Ex. B, Policy at 4) (Page ID #577) (emphasis omitted). The section titled

"Property Subject To Limitations" in the policy limits coverage for internal damage to a building

or structure:

Property Subject To Limitations

1. We will not pay for loss to:

 . . . .

 e. The interior of any building or structure, or the property inside any building or structure, caused by rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

 (1) The building or structure first sustains damage by a Covered Cause Of Loss to its roof, outside walls, or outside building glass *through which* the rain, snow, sleet, ice, sand or dust enters . . . .

*Id.* (emphasis added). Based on this language, for coverage to apply to Oak Hill's interior damage,

several conditions must be satisfied.

The district court examined the limitations, and it determined that the policy did not cover

the interior damage flowing from the rainwater entering through the HVAC unit. R. 19 (Order at

3) (Page ID #745). According to the district court, "[b]y the plain language of the contract, damage

to the interior of the building will only be covered if the roof is damaged by a Covered Cause of

Loss and *then* rainwater comes through the area of the roof that is damaged." *Id.* "The limitation

4

does not bar all water damage to the interior, but instead confines coverage to a scenario when the exterior of the building was damaged in a way that would let water into the building such as a puncture to the roof by a fallen tree branch." *Id.* In Oak Hill's building, however, "[t]he water that caused the damage to the interior of the building entered through an air conditioning unit on the roof," and "[t]he unit through which it entered was not damaged." *Id.* at 4 (Page ID #746). "Instead, it was the scupper drain, clogged with debris, which caused the water to rise on the roof and enter the unit." *Id.* Because "the water did not enter the interior of the building through the damaged drain but instead the undamaged air conditioning unit," the district court concluded that the policy did not cover Oak Hill's interior damage. *Id.*

The Iowa Supreme Court recently reached the same conclusion regarding similar language. *See Amish Connection, Inc. v. State Farm Fire & Cas. Co.*, 861 N.W.2d 230, 236 (Iowa 2015). In *Amish Connection*, damage to the interior of a building occurred when an interior drainpipe failed. *Id.* The court examined the provision that stated that State Farm "will not pay for loss . . . to the interior of any building . . . or the property inside . . . caused by rain" unless "the building . . . first sustains damage by an insured loss to its roof or walls through which the rain . . . enters." *Id.* (alterations in original). According to the court, "[t]his exception would allow coverage, for example, if a tornado dropped a tree on the roof, opening a hole through which rain entered." *Id.* Because "the rainwater damage occurred when the interior drainpipe failed," coverage did not apply. *Id.* The Iowa Supreme Court's analysis of this specific provision is persuasive.

Because the policy's limitations exclude coverage for rain damage to the interior of the building unless "[t]he building or structure first sustains *damage* by a Covered Cause Of Loss to its roof . . . *through which* the rain . . . enters," the rain needed to enter *through* the roof's damage for Oak Hill to receive coverage. *See* R. 15-2 (MSJ Ex. B, Policy at 4) (Page ID #577) (emphasis added). Even if we adopted Oak Hill's argument—that the roof was damaged because the drain, a key part of a roof, stopped functioning—the rain water did not enter through the roof or the drain. *See* Appellant's Br. at 6–9, 17. Instead, the water accumulated on the roof and then entered *through* the undamaged HVAC unit. We conclude, therefore, that the policy does not cover the damage to the interior of Oak Hill's building.[1]

### III. CONCLUSION

For the reasons discussed above, we **AFFIRM** the district court's grant of summary judgment.

---

[1]In light of this conclusion, we do not need to address Oak Hill's arguments regarding the surface-water exclusion, bad faith, and punitive damages.