**Progressive Specialty
Ins. Co. v. Easton
Case No. 11670
Montgomery County, (2nd)
Decided February 15, 1990**
[Cite as 1 AOA 42]

*Ronald E. Schultz, Jablinski, Folino, Roberts, Schultz & Martin, 214 West Monument Avenue, Dayton, Ohio 45402, Attorney for Defendants-Appellants*

*Robert M. O'Neal and Carmine Garofalo, Lang, Garofalo & Donoff, 1401 Talbott Tower, 131 North Ludlow Street, Dayton, Ohio 45402, Attorneys for Plaintiff-Appellee*

GRADY, J.,

In this appeal we are asked to reverse the trial court's decision granting summary judgment for Progressive. The issue before us is whether the trial court erred in finding the language in a motorcycle insurance policy issued by Progressive to Robert A. Easton excluded from coverage claims for injuries to Easton's wife while she was a passenger because she was a "covered person" under the policy. Easton argues that the policy is ambiguous because it does not clarify whether a "covered person," excluded from personal injury coverage, could nevertheless recover under a Guest Passenger endorsement.

For the reasons stated below we sustain the decision of the trial court.

I.
*Factual Posture*
The essential facts of this dispute are not contested. Robert A. Easton purchased from Progressive a motorcycle liability insurance policy. The policy covered personal injuries and property damage cause by the insured's operation of the motorcycle and provided, in pertinent part:

*Liability Coverages*
We will pay damages for which any covered person is legally liable, other than punitive damages, because of Bodily Injury and Property Damage arising out of the ownership, maintenance or use of your cycle. However, we will only pay for injury to a passenger on your cycle, if a premium has been paid by you for Guest Passenger Liability and is shown on the Declarations Page. (Emphasis original).

The policy defined "covered person" to include the policyholder or any relative. The policy also expressly excluded from its coverage ". . . any bodily injury or property damage suffered by a covered person". It is agreed that both Easton and his wife, Christine, were "covered persons" under these provisions.

Easton purchased additional Guest Passenger Liability, and the same was shown on the Declarations Page of the policy. It its Definitions the policy stated:

Passenger, when used in this policy, means any person, other than the driver of your cycle, while such person is occupying your cycle or in a side car attached to your cycle. (Emphasis in original).

On the evening of October 19, 1986, Easton and his wife, Christine, were riding his motorcycle on Little York Road, Butler Township, Montgomery County, Ohio. Easton lost control of the motorcycle, crossed left of

center, and collided with an on-coming automobile. Christine, a passenger on the motorcycle, sustained serious injuries and died later that evening.

Aimee Easton, the Easton's daughter, was appointed administratrix de bonis Christine's estate. Aimee filed a complaint against Robert, alleging negligent operation and wrongful death. She sought to recover medical and funeral expenses, and damages for loss of guidance, support and companionship. She also alleged mental anguish.

Progressive filed a complaint for declaratory judgement seeking to avoid payment on the policy. Progressive claimed that it was not obligated to pay on the policy or defend or indemnify Robert for any claim against him. Robert and Aimee then filed a counterclaim for declaratory judgement against Progressive.

The parties filed a stipulation of facts. The parties agreed that Easton owned policy number 6481200-1, that he was operating the motorcycle at the time the accident, that Christine and Robert were married, that she was a passenger on his motorcycle, and that Aimee was their daughter. The parties also agreed that Robert paid the premium for the Guest Passenger coverage. The matter was submitted to the trial court for a decision based on the pleadings, stipulation and briefs.

Both parties filed motions for summary judgment. After arguments in chambers, the trial court ruled that Progressive did not have a duty to pay under the policy because Christine was a "covered person" specifically barred from recovering by exclusion. The court concluded, as a matter of law, that the language of the policy was clear and unambiguous and that Christine's status as a passenger did not alter its conclusion.

The Eastons filed a timely notice of appeal raising three assignments of error.

II

The Eastons' three assignments of error state:

I. THE TRIAL COURT ERRED IN HOLD-ING THAT NO AMBIGUITY EXISTS IN THE INSURANCE POLICY ISSUED TO ROBERT S. EASTON BY THE PLAIN-TIFF, PROGRESSIVE SPECIALTY IN-SURANCE COMPANY, AND, THERE-FORE, ERRED IN GRANTING SUMMA-RY JUDGMENT OF PLAINTIFF, PROGRESSIVE SPECIALTY INSURANCE COMPANY.

II. THE TRIAL COURT ERRED IN OVERRULING THE MOTION FOR SUM-MARY JUDGMENT FILE BY DEFEN-DANTS, AIMEE EASTON, ADMINISTRA-TRIX, AND ROBERT EASTON.

III. THE TRIAL COURT ERRED IN HOL-DING THAT PLAINTIFF, PROGRESSIVE SPECIALTY INSURANCE COMPANY DOES NOT AFFORD LIABILITY COVER-AGE FOR THE CLAIMS BROUGHT BY AIMEE EASTON, ADMINISTRATRIX OF THE ESTATE OF CHRISTINE S. EAS-TON, AND IN HOLDING THAT PLAIN-TIFF, PROGRESSIVE SPECIALTY IN-SURANCE COMPANY IS NOT OBLIGAT-ED TO DEFEND OR INDEMNIFY THEIR INSURED, ROBERT S. EASTON, FOR SUCH CLAIMS.

The Eastons' three assignments of error raise similar question and therefore will be considered together.

An insurance policy is contractual by nature. Thus, like any other contract, we must give it a reasonable construction in conformity with the intentions of the parties. *Dealers Dairy Products Co.* v. *Royal Insurance Co.* (1960), 170 Ohio St. 336, 339. Courts may not stretch or constrain unambiguous policy provisions to reach a result clearly not sought by the parties.

Where the policy is clear and unambiguous within its four corners, courts cannot alter the provisions of the policy. See, *Rose* v. *New York Life Insurance, Co.* (1933), 127 Ohio St. 265; *Whitley* v. *Canton City School District Board of Education* (1988), Ohio St.3d 300; *Kaplysh* v.*Takienddine, et al.* (1988), 35 Ohio St.3d 170; *Lockshin* v. *Blue Cross of Northeast Ohio* (1980), 70 Ohio App.3d 70; *Harris* v. *Elofskey* (November 22, 1989), Montgomery App. No. CA-11396, unreported.

It is a well settled principle of insurance policy interpretation that ambiguous provisions are construed against the insurer. See, *King* v. *Nationwide Insurance Company* (1988), 35 Ohio St.3d 208, 211. Thus, where it is unclear what the provisions of the policy mean, the insurer, as drafter of the policy, must bear the cost of confusion. Ambiguous terms are construed strongly against the insurer and liberally for the insured. *King, supra*, at 211.

We addressed the ambiguity of a "covered persons" exclusion in *Progressive Casualty Insurance Company* v. *Bolin* (October 3, 1988), Clark App. No. 2467, unreported. In that case a passenger who was also the wife of the driver was killed in an automobile accident. The administrator of the estate brought a wrongful death action against the husband. Progressive brought an action seeking a declaration that it need not pay on the policy. The parties stipulated to the facts. The trial court granted a declaratory judgment for Progressive. The administrator claimed that the provision excluding injuries of covered persons did not apply to claims in wrongful death actions. We sustained the trial court, holding that the exclusionary provision was clear and unambiguous.

*Bolin* informs our decision here. As in *Bolin*, the policy purchased by Robert Easton contained a clear exclusion of claims for injuries to "covered persons" and "passengers." As an absolute matter, Progressive would not cover the injuries sustained by a covered person. By definition, Christine Easton was a covered person due to her spousal relationship with Robert.

Appellants do not dispute Christine's status as a covered person. Rather, Appellants argue that the Guest Passenger Liability endorsement created an ambiguity concerning whether a covered person who is a passenger at the time of injury could recover under the policy. We disagree with this position.

Where certain injuries or claims are expressly excluded from coverage under a liability policy in clear and unambiguous terms, those injuries or claims are not brought back under coverage by another, independent policy provision unless it expressly voids the exclusion. No such expression is present here in the Guest Passenger Liability endorsement as it may run against the prior exclusion of covered person. No ambiguity is created.

The coverage provided by the Guest Passenger Liability endorsement clearly references only the passenger injury exclusion in the Liability Coverages portion of the policy. Following those terms, it negates that exclusion and provides coverage for passengers. However, when injuries to a passenger have been unambiguously excluded by another, independent provision, addition of guest passenger liability coverage will not bring such excluded injuries back within coverage. That is the case here.

### III.
#### Conclusion

The trial court did not err in granting summary judgment, for there is no genuine issue of fact and Progressive is entitled to judgment as a matter of law. The assignments of error are overruled and the judgment of the trial court will be affirmed.

WILSON, J., and BROGAN, J., concur.