DECISION AND JOURNAL ENTRY
{¶ 1} This matter is before this Court on appeal from the Lorain County Common Pleas Court which granted the motion for summary judgment in favor of appellees, Northfield Insurance Co. ("Northfield") and Great Lakes General Agency ("Great Lakes"), on claims arising from an insurance contract between appellees and appellant, Heinz-Gert GRM dba Chuck's Custom Designs ("Heinz-Gert"). For the following reasons, this Court affirms.
 I. {¶ 2} The facts in this case are not in dispute. Appellant purchased a liability insurance policy from appellee Northland and its general agent Great Lakes. As part of appellant's business, it organized one-day commercial events called motorcycle "swap meets." At these meets, motorcycle enthusiasts buy, sell, or trade their motorcycles. On December 14, 1997, appellant leased premises from Cincinnati Gardens Exhibition Center ("Cincinnati Gardens") to hold a meet. Appellant and Cincinnati Gardens entered into a licensing agreement under which appellant agreed to indemnify and hold harmless Cincinnati Gardens for any liability arising for personal injuries occurring during the meet. Cincinnati Gardens was also named as an additional insured under appellant's insurance policy with appellees.
 {¶ 3} On December 17, 1997, Michael Reed, a patron at Cincinnati Gardens, was assaulted by unknown members of a motorcycle club. Mr. Reed thereafter brought suit against appellant and Cincinnati Gardens for injuries arising from that attack. Cincinnati Gardens filed a third-party complaint against appellant, claiming that appellant had a contractual duty to indemnify and hold it harmless.
 {¶ 4} Appellant sought coverage and defense of the action on its own behalf and on behalf of Cincinnati Gardens from appellees for claims arising from Mr. Reed's suit and Cincinnati Gardens' third-party complaint. Appellees refused to defend the action on the grounds that there was no coverage for injuries arising from assault and battery based on an exclusion in the policy.
 {¶ 5} Appellant brought suit against appellees for their failure to defend. Appellees filed for summary judgment on the grounds that there was no material issue of fact that the injuries alleged in Mr. Reed's suit were not covered under the insurance contract, and that consequently appellees had no duty to defend. The Lorain County Court of Common Pleas granted appellees' motion for summary judgment. Appellant timely filed this appeal, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court erred when it ruled that there are no genuine issues of material fact and that appellees are entitled to a judgment as a matter of law when it granted the appellees' motions for summary judgment[.]"
 {¶ 6} Appellate courts review the grant of summary judgment de novo, applying the same standard used by the trial court.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Accordingly, an appellate court "review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." Am. Energy Serv. Inc.v. Lekan (1992), 75 Ohio App.3d 205, 208. Under Civ.R.56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 8} Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Dresher, 75 Ohio St.3d at 293. Once this burden is satisfied, the nonmoving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991), 75 Ohio App.3d 732,735. Pursuant to Civ.R. 56(C), only certain evidence and stipulations, as set forth in that section, may be considered by the court when rendering summary judgment. Specifically, the court is only to consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Civ.R.56(C).
 {¶ 9} In this case, appellant argues that there were issues of material fact which should have precluded the trial court from granting summary judgment in favor of appellees. Appellant alleges that two specific exclusions are in direct conflict and create an ambiguity in the contract which raises issues of fact regarding whether appellees have a duty to defend appellant.
 {¶ 10} Appellant claims there are two allegedly conflicting provisions. One is a general exclusion for "bodily injury" for any act arising from an assault and battery. The other is an exclusion relating to contractual liability. The contractual liability exclusion states that the insurance does not apply to contractual liability for "bodily injury * * * which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement." This exclusion, however, does not apply to liability for damages "[a]ssumed in a contract or agreement that is an `insured contract.'" Therefore, there is coverage for "bodily injury" for liability assumed in an "insured contract."' An "insured" contract is defined, inter alia, as a license agreement, including the one between appellant and Cincinnati Gardens.
 {¶ 11} Appellant argues that, whereas coverage is not available for claims arising for assault and battery in general, coverage may be available; because it had an `insured' contract with Cincinnati Gardens under which appellees provided coverage for "bodily injury." Appellant argues that the assault and battery exclusion does not apply to "bodily injury" arising under "insured contracts." Therefore, appellees had a duty to defend appellant's "insured contract" with Cincinnati Gardens.
 {¶ 12} Appellees agree that appellant's licensing agreement with Cincinnati Gardens was an "insured contract," but argue that the general exclusions, including the assault and battery exclusion, apply to all coverages. Appellees also argue that all "bodily injury" claims are limited only to "those to which the insurance applies." Because the policy applies only to "bodily injury" claims not arising from assault and battery, appellant had no coverage.
 {¶ 13} Interpretation of a contract is a matter of law.Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108. Terms under that contract are to be given their reasonable interpretation in keeping with the parties' intent. Progressive Specialty Ins. Co. v. Easton (1990),66 Ohio App.3d 177, 180. The contract must be read as a whole.Stickel v. Excess Ins. Co. (1939), 136 Ohio St. 49, 53. Any ambiguity must be resolved in favor of the insured. Gomolka v.State Automobile Mut. Ins. Co. (1982), 70 Ohio St.2d 166 at 168.
 {¶ 14} It is true that an insurer's duty to defend is broader that its duty to provide coverage for damages. Motorist Mut.Ins. Co. v. Trainor (1973), 33 Ohio St.2d 41, paragraph two of the syllabus. If Mr. Reed's complaint or Cincinnati Garden's third-party complaint states a claim which arguably falls with the coverage of the insurance policy, then appellees have a duty to defend. Willoughby Hills v. Cincinnati Ins. Co. (1984),9 Ohio St. 3d 177, syllabus.
 {¶ 15} In this case it is clear that the basis of Mr. Reed's complaint arises out of an assault and battery. Both parties concede this. The question at issue is whether the assault and battery exclusion applies to an "insured" contract. If the assault and battery exclusion does not apply to "insured contracts," then appellees have a duty to defend; if it does apply, then appellees have no duty to defend.
 {¶ 16} In this case, we find that the insurance contract clearly excludes coverage for damages arising out of an assault and battery even for "bodily injury" arising out of an "insured contract." The insurance contract clearly contemplates this limitation on all coverages. In the coverage section, any damages for "bodily injury" are limited to those to which the policy applies. The policy does not apply to injuries arising from assault and battery. The section extending insurance coverage for an "insured contract" covers "bodily injury," but again "bodily injury" is limited to injury not arising from assault and battery.
 {¶ 17} There is no ambiguity in the insurance contract between appellant and appellees. The exclusion for "bodily injury" arising from assault and battery clearly applies to all coverages, including "insured contracts." The duty to defend arises only when the allegations in the complaint are arguably within the policy's coverages. Because the policy does not provide for coverage for these types of claims, appellees have no duty to defend. Appellant's sole assignment of error is overruled.
 III. {¶ 18} For the foregoing reasons, the judgment of the Lorain County Common Pleas Court granting summary judgment in favor of appellees is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, J., Boyle, J., Concur.