[Cite as *Michaels v. Michaels*, 197 Ohio App.3d 643, 2012-Ohio-118.]

STATE OF OHIO            )                        IN THE COURT OF APPEALS
                         )ss:                     NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN         )

MICHAELS,                              |    C.A. No.      11CA009977

     Appellant,                     |

     v.                             |    APPEAL FROM JUDGMENT
                                       |    ENTERED IN THE
MICHAELS et al.,                       |    COURT OF COMMON PLEAS
                                       |    COUNTY OF LORAIN, OHIO
     Appellees.                     |    CASE No.      05CV142991

DECISION AND JOURNAL ENTRY

Dated: January 17, 2012

     Peter D. Traska, for appellant.

     Ricardo J. Cardenas and Steven J. Forbes, for appellees.

_____

     WHITMORE, Judge.

**{¶ 1}** Plaintiff-appellant, Debbie Michaels, appeals from the judgment of the Lorain County Court of Common Pleas. This court affirms.

I

**{¶ 2}** The procedural history of this case is set forth at length in *Michaels v. Michaels*, 9th Dist. No. 09CA009717, 2010-Ohio-6052, and is summarized as follows. On August 16, 2003, William Michaels drove his motorcycle off the road, injuring his wife, Debbie Michaels, who was a passenger on the motorcycle. After the accident, Ms. Michaels sued Mr. Michaels for

negligence.[1]  Ms. Michaels also sued Mr. Michaels's insurer, defendant-appellee Markel American Insurance Company ("Markel"), seeking a declaration that she had the right to medical-payment benefits and uninsured- or underinsured-motorist benefits under Mr. Michaels's insurance policy.  Markel counterclaimed, seeking a declaration that the policy's terms and conditions precluded Ms. Michaels from uninsured/underinsured-motorist coverage.  Markel also cross-claimed against Mr. Michaels, seeking a declaration that he did not have liability coverage for Ms. Michaels's injuries.

{¶ 3}  On June 19, 2006, the trial court granted summary judgment to Markel on its cross-claim, concluding that Mr. Michaels's insurance policy did not provide liability coverage for Ms. Michaels's negligence claims.  It granted summary judgment to Markel on Ms. Michaels' claims for uninsured/underinsured-motorist coverage.  On March 19, 2007, the trial court granted summary judgment in favor of Ms. Michaels on the liability issue of her negligence claim against Mr. Michaels.  Ms. Michaels attempted to appeal the trial court's decisions, but this court dismissed her appeal for lack of jurisdiction in the absence of a final determination about damages. The parties later stipulated that Ms. Michaels sustained $50,000 in damages.  On October 30, 2009, the trial court filed a journal entry awarding Ms. Michaels a $50,000 judgment against Mr. Michaels.  Ms. Michaels attempted to appeal from that journal entry, but in *Michaels*, this court determined that "because the trial court has not disposed of Ms. Michaels's claim for benefits under the medical expense coverage section of Mr. Michaels's policy, and did not make a determination that there is no just reason for delay under [Civ.R.] 54(B) * * *, its journal entry is not appealable." *Michaels*, 2010-Ohio-6052, at ¶ 1.

---

[1] After the accident, the parties separated and eventually divorced.

**{¶ 4}** After this dismissal, the parties filed a stipulation with the trial court acknowledging that there is no such medical-payments coverage in the policy and requesting that the court enter an order recognizing the dismissal of those claims, with prejudice. On March 8, 2011, the trial court placed an entry on the docket stating that "[b]ased upon the stipulations of the parties * * *, the judgment entered on October 30, 2009 is amended to reflect that [Ms. Michaels's] claim for medical expenses or medical payments coverage is dismissed with prejudice."

**{¶ 5}** Ms. Michaels has appealed and raises four assignments of error for our review. [2]

II

Assignment of Error Number One

> Under Supreme Court and Ninth District precedent, the trial court erred by applying exclusionary language from one section of the policy to a different section, for which a separate premium was paid.

**{¶ 6}** "This Court reviews an award of summary judgment de novo." *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Pursuant to Civ.R. 56(C), summary judgment is proper if

> (1) No genuine issue as to any material fact remains to be litigated;
> (2) the moving party is entitled to judgment as a matter of law; and
> (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

---

[2] In response to this court's magistrate's order of March 30, 2011, in which the magistrate requested additional information in order to determine our jurisdiction to hear this appeal, Ms. Michaels filed a memorandum setting forth the final disposition of all the claims, counterclaims, and cross-claims.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once this burden is satisfied, the nonmoving party bears the burden of offering specific facts to show a genuine issue for trial. *Id.* at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991).

{¶ 7} Ms. Michaels's first assignment of error is that the trial court incorrectly applied exclusionary language from one section of Mr. Michaels's policy to a different section, for which he had paid a separate premium. She has argued that passenger-liability coverage is reflected on the policy's declarations page but is not defined anywhere in the insurance agreement, and that consequently, the exclusions listed under the liability-coverage section of the insurance policy do not apply to passengers.

{¶ 8} It is well settled that "'[a]n insurance policy is a contract whose interpretation is a matter of law.'" *Cincinnati Ins. Co. v. CPS Holdings, Inc.*, 115 Ohio St.3d 306, 2007-Ohio-4917, ¶ 7, quoting *Sharonville v. Am. Emps. Ins. Co.*, 109 Ohio St.3d 186, 2006-Ohio-2180, ¶ 6. Regarding insurance policies, the Ohio Supreme Court has stated:

> "When confronted with an issue of contractual interpretation, the role of a court is to give effect to the intent of the parties to the agreement. * * * We examine the insurance contract as a whole and presume that the intent of the parties is reflected in the language used in the policy. * * * We look to the plain and ordinary meaning of the language used in the policy

> unless another meaning is clearly apparent from the contents of the policy. * * * When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties. * * * As a matter of law, a contract is unambiguous if it can be given a definite legal meaning."

*CPS Holdings, Inc.,* at ¶ 7, quoting *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, ¶ 6. "Ambiguity in an insurance contract is construed against the insurer and in favor of the insured." *Id.* at ¶ 8. "This rule, however, will not be applied so as to provide an unreasonable interpretation of the words of the policy." *Id.* "[A]n insurance policy, like any other contract, must be given a reasonable reading consistent with the structure of the policy." *Hartong v. Makary*, 106 Ohio App.3d 145, 149 (9th Dist.1995). Moreover, "[a]n insurer who claims that a policy exclusion prohibits insurance coverage must show that the exclusion specifically applies." *Neal-Pettit v. Lahman*, 125 Ohio St. 3d 327, 2010-Ohio-1829, ¶ 19. "Exclusions of coverage must be clear and unambiguous to be enforceable." *Id.*

{¶ 9} The Markel insurance policy is divided into seven sections: Agreement, Definitions, Liability Coverage, Medical Expense Coverage, Damage to Your Motorcycle, Uninsured Motorists Coverage, and General Policy Conditions. The declarations page of Mr. Michaels's policy shows that he paid insurance premiums to Markel for bodily-injury-liability, property-damage-liability, passenger-liability, comprehensive, and collision coverage. Mr. Michaels did not purchase medical-expense coverage, under which Markel would have "agree[d] to pay medical expenses for [his] bodily injury, sickness, disease or death suffered in a Motorcycle Accident while operating the Insured Motorcycle."

{¶ 10} The liability-coverage section of his policy provided:

We agree to pay damages for Bodily Injury or Property Damage for which the law holds You responsible because of a Motorcycle Accident involving an Insured Motorcycle.

* * *

An Insured Person, as used in this section, Liability Coverage, means:

You or Your spouse if a resident of the same household.

Anyone using, with Your permission or within the scope of Your permission, any Insured Motorcycle.

The liability-coverage section of the policy also contained a number of exclusions:

This coverage does not apply:

For any Bodily Injury or Property Damage sustained by any Insured Person;

For any person who is a Passenger on any Insured Motorcycle *unless Passenger Liability coverage is shown on the Declarations Page*.

(Emphasis added.) "Passenger" is defined by the policy to mean "any person, other than the driver of the Insured motorcycle, while such person is occupying or in a side car attached to the Insured motorcycle."

{¶ 11} Based on the foregoing provisions, Markel agreed to pay damages for bodily injury to anyone or property damage to anything that Mr. Michaels caused with his motorcycle. The policy placed limits on the scope of the general-coverage provision, however, through a number of exclusions. For passengers on the motorcycle, Markel agreed to pay damages for their injuries only if Mr. Michaels paid a separate premium for passenger-liability coverage. As shown on the declarations page, Mr. Michaels purchased passenger-liability coverage. Pursuant to Part B of the exclusions, because Mr. Michaels paid a separate premium for passenger-liability coverage, he was entitled to that protection under the terms of the policy. Therefore, Ms. Michaels's injuries were apparently covered by the policy because she was a passenger on the

motorcycle at the time of Mr. Michaels's crash. Yet, the policy contained a separate exclusion regarding "Bodily Injury or Property Damage sustained by any Insured Person." Ms. Michaels admits that she was an insured person under the policy because she was Mr. Michaels's spouse and lived with him. Her argument is that Mr. Michaels's selection of passenger-liability coverage overrides the spousal exclusion. We disagree.

{¶ 12} *Progressive Specialty Ins. Co. v. Easton*, 66 Ohio App.3d 177 (2d Dist.1990), involved a scenario very similar to the instant case. In *Easton*, the husband/driver was involved in a motorcycle accident that resulted in the death of his wife/passenger. *Id.* at 179. Both constituted covered persons under the subject policy, which contained a liability exclusion for injuries to covered persons. *Id.* at 181. The policy also contained an amendment that provided liability coverage for bodily injuries sustained by passengers. Appellant, the daughter and administrator of the wife's estate, argued that the guest-passenger-liability amendment created an ambiguity whether a covered person who is a passenger at the time of injury could recover under the policy. *Id.* at 181. The court disagreed and concluded:

> Where certain injuries or claims are expressly excluded from coverage under a liability policy in clear and unambiguous terms, those injuries or claims are not brought back under coverage by another, independent policy provision unless it expressly voids the exclusion. No such expression is present here in the guest passenger liability endorsement as it may run against the prior exclusion of covered persons. No ambiguity is created.

> The coverage provided by the guest passenger liability endorsement clearly references only the passenger injury exclusion in the liability coverages portion of the policy. Following those terms, it negates that exclusion and provides coverage for passengers. *However, when injuries to a specific person as a passenger have been unambiguously excluded by another, independent provision, addition of guest passenger liability coverage will not bring such specifically excluded injuries back within coverage.* That is the case here.

(Emphasis added.) *Id.* In sum, while the passenger-liability coverage negated the passenger-injury exclusion contained in the liability-coverages portion of policy, when the injured passenger was the wife of the insured and thus a "covered person" under the policy, and when injuries to covered persons were unambiguously excluded by another, independent provision of the policy, the addition of the guest-passenger liability coverage did not bring such excluded injuries to the wife back within coverage. *Id.* Similarly, here, the addition of passenger-liability coverage, which negates the passenger-injury exclusion, does not mean that Ms. Michaels is not excluded from coverage under another, independent provision, the spousal exclusion. Furthermore, as in *Easton*, there is no language in the subject policy indicating that the passenger liability coverage negated or voided the spousal exclusion so as to bring a "specifically excluded injur[y] back within coverage." *Id.* at 181. Accordingly, the trial court correctly concluded that Ms. Michaels is excluded from coverage under Mr. Michaels's insurance policy.

{¶ 13} This court also rejects Ms. Michaels's argument that "passenger-liability coverage" is not defined anywhere in the insurance policy. As previously discussed, the liability-coverage section provides the scope and conditions of each type of liability coverage and specifically encompasses passenger-liability coverage if shown on the declarations page. This court further rejects Ms. Michaels's argument that the exclusions under the liability-coverage section of Mr. Michaels's policy do not apply to his passenger-liability coverage. Accepting Ms. Michaels's argument would mean that the liability-coverage section of the policy does not apply to the bodily-injury-liability or property-damage-liability coverages either, because they do not have their own specific sections of the policy. Her interpretation of the policy would make its entire liability-coverage section irrelevant because it would, in effect, not apply to any of the liability coverages. This court will not interpret the policy in a manner that

contradicts its plain language and renders it absurd. *See CPS Holdings, Inc.*, 115 Ohio St.3d 306, 2007-Ohio-4917, 875 N.E.2d 31, ¶ 8. Ms. Michaels's first assignment of error is overruled.

Assignment of Error Number Two

The trial court's reading of the "liability" exclusions into the "passenger liability" coverage renders the "passenger liability coverage" illusory.

{¶ 14} Ms. Michaels's second assignment of error is that the trial court's reading of the policy's liability-coverage exclusions into its passenger-liability coverage renders the passenger-liability coverage illusory. She has noted that under the liability-coverage section of the policy, an "Insured Person" is defined not only as a resident spouse in Part A, but also in Part B as "[a]nyone using * * * any Insured Motorcycle." She contends that anyone who is a passenger on the motorcycle is "using" the motorcycle and, therefore, an "Insured Person," who is subject to exclusion from the policy under the "any Insured Person" exclusion. Accordingly, her argument is that because all passengers are excluded as "Insured Person[s]" under the anyone-using clause, the passenger-liability coverage is illusory.

{¶ 15} Markel argues that the definition of "Insured Persons" as "[a]nyone using" does not include passengers because the definition of "Passenger" only includes persons who are "occupying * * * the Insured motorcycle" as opposed to persons who are "using" it. Even if we agreed with Ms. Michaels and concluded that the anyone-using clause in the policy applies to passengers and renders Mr. Michaels's passenger-liability coverage illusory, Ms. Michaels has not shown how that would change the outcome of her case. If a provision in an insurance contract renders a contract illusory, that provision is void. *See Gregory v. Allstate Ins. Co.*, 8th Dist. No. 74119, 1999 WL 435779, *5 (June 24, 1999). Determining that the anyone-using

clause is void would not assist Ms. Michaels. As previously discussed, Ms. Michaels is an insured person under the policy, regardless of the existence of the anyone-using clause, because she was Mr. Michaels's spouse. Certainly, a person other than Mr. Michaels's spouse could have been a passenger on the motorcycle, and therefore, subject to coverage because that person would not have been considered an insured person. Accordingly, we conclude that Ms. Michaels cannot recover under the policy, regardless of whether the anyone-using definition of an insured person is void. Her second assignment of error is overruled.

Assignment of Error Number Three

> The trial court abused its discretion by refusing to strike the affidavit of Carol Siefkes.

{¶ 16} Ms. Michaels's third assignment of error is that the trial court incorrectly denied her motion to strike the affidavit of Carol Siefkes, an employee of Markel. Ms. Siefkes's affidavit was attached to Markel's reply to Ms. Michaels's brief in opposition to Markel's motion for summary judgment. In her affidavit, Ms. Siefkes asserts that the definition of "using" under the Markel policy refers to "the actions of the actual driver/operator" of the motorcycle. Ms. Michaels argues that Ms. Siefkes's opinion about what the contract means was inadmissible parol evidence.

{¶ 17} Although the trial court did not strike the affidavit, there is no indication in the court's June 19, 2006 judgment entry that it relied on the affidavit particularly in determining whether Ms. Michaels was covered under the insurance policy. In its journal entry, the trial court referred to the applicable "Markel policy language" as the basis of its decision. Accordingly, even if the trial court should have struck the affidavit as parol evidence, the error was, at most, harmless. *See* Civ.R. 61. Ms. Michaels's third assignment of error is overruled.

Assignment of Error Number Four

Markel cannot exclude passenger liability coverage because no
exclusions are clearly and unambiguously applicable to that coverage.

{¶ 18} Ms. Michaels's fourth assignment of error is that the trial court incorrectly concluded that she is excluded from passenger-liability coverage under the Markel insurance policy because it does not contain any exclusions that clearly and unambiguously apply to that coverage. Her argument is based, again, on her assertion that Mr. Michaels's passenger-liability coverage is not governed by the liability-coverage section of the policy. According to Ms. Michaels, the exclusions in the liability coverage section of the policy apply only to liability coverage, not passenger-liability coverage, and there are no separate exclusions for passenger-liability coverage.

{¶ 19} As explained earlier, the liability-coverage section of the insurance policy provides the scope and conditions of Mr. Michaels's coverage for bodily-injury liability, property-damage liability, and passenger liability. Contrary to Ms. Michaels's assertion, the policy does not include a separate section for each of the aforementioned types of liability coverage. While it does have separate paragraphs in the definitions section defining bodily injury and property damage, it also has a paragraph in that section defining "passenger."

{¶ 20} Ms. Michaels also argues that the policy should be construed against Markel because it provided the policy to Mr. Michaels in response to his request for full coverage. That rule of construction applies, however, only if the policy is ambiguous. *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, ¶ 11. As previously explained, the Markel policy is not ambiguous. Furthermore, even if the policy were ambiguous, Mr. Michaels did not testify that he understood full coverage to include liability coverage for his spouse. Rather, he testified that he understood full coverage to mean that "[i]f [he] wrecked [his] bike or somebody wreck[ed] into [him], the bike [was] going to get fixed." *See Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d

216, 2003-Ohio-5849, ¶ 11 ("When confronted with an issue of contractual interpretation, the role of a court is to give effect to the intent of the parties to the agreement"). Ms. Michaels's fourth assignment of error is without merit and is overruled.

III

{¶ 21} The trial court correctly concluded that Ms. Michaels could not recover damages under Mr. Michaels's passenger-liability coverage because she was his spouse, and therefore, excluded from coverage as an insured person. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

DICKINSON, J. concurs.

CARR, P. J., dissents.

CARR, Presiding Judge.

{¶ 22} I respectfully dissent.

{¶ 23} I disagree with the majority's conclusion that the plain language of the policy unambiguously excludes Ms. Michaels from coverage under the spousal-exception liability coverage notwithstanding the existence of passenger-liability coverage. The policy contains no provision explaining the terms of coverage relating to passenger liability. The lack of such a provision in itself gives rise to an issue of material fact as to the scope of passenger liability coverage. Moreover, the policy defines "passenger" as "*any person*, other than the driver of the Insured motorcycle, while such person is occupying or in a side car attached to the Insured motorcycle." (Emphasis added.) Had Markel intended to exclude cohabiting spouses from this definition, it could have clearly and easily done so. However, construing the facts in favor of

Ms. Michaels as the nonmoving party, I would conclude that Markel failed to meet its initial burden of presenting evidence to establish that a cohabiting spouse is excluded from the all-inclusive category of "any person" in the policy's definition of "passenger."

{¶ 24} Based on the above analysis, I would conclude that genuine issues of material fact exist as to whether and to what extent Ms. Michaels is covered under the terms of the Markel insurance policy. Accordingly, I would reverse the trial court's award of summary judgment to Markel and remand the matter for further proceedings.