OPINION *Page 2 
{¶ 1} On July 8, 2006, appellant, Gerald Kallaus, was operating his motorcycle southbound on Columbia Road in Licking County, Ohio. As he was approaching a driveway to real property owned by appellants, Danny Allen and Terresa Allen, Trustees of the Terresa Allen Trust, appellant Danny Allen was backing out of the driveway. Appellant Allen was operating a pick-up truck titled to his water-well drilling business, Dan Allen Well Drilling, Inc. Appellant Kallaus and appellant Allen collided in the roadway. Appellant Kallaus suffered serious injuries. At the time of the accident, appellants Allen were insured under a homeowners policy issued by appellee, Grange Mutual Insurance Company.
 {¶ 2} On November 6, 2006, appellant, together with his wife, Anne Kallaus, filed a complaint for negligence against appellants, Danny Allen individually, as well as his drilling company, and Danny Allen and Terresa Allen as Trustees of the Terresa Allen trust.
 {¶ 3} On February 2, 2007, appellee filed a motion to intervene as a defendant and assert a cross-claim for declaratory judgment. The trial court granted the motion. Appellee asserted it did not have the duty to defend appellants Allen because of exclusions in their homeowners policy. Both appellee and appellants Allen filed motions for judgment on the pleadings pursuant to Civ. R. 12(C). Appellants Kallaus filed a brief in opposition to appellee's motion. By judgment entry filed August 3, 2007, the trial court denied appellee's motion and granted appellants Allen's motion, finding appellee had a duty to defend appellants Allen. *Page 3 
 {¶ 4} On October 3, 2007, appellee filed a motion to reconsider. By judgment entry filed November 30, 2007, the trial court granted the motion and in so doing, granted declaratory judgment to appellee.
 {¶ 5} On December 28, 2007, an agreed judgment entry was filed correcting some technical deficiencies with the trial court's November 30, 2007 judgment entry.
 {¶ 6} Appellants Allen filed an appeal on December 28, 2007 and assigned the following error:
 I {¶ 7} "THE LOWER COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED THE ALLEN FAMILY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTED GRANGE'S MOTION FOR JUDGMENT ON THE PLEADINGS."
 {¶ 8} Appellants Kallaus filed an appeal on January 7, 2008 and assigned the following error:
 I {¶ 9} "THE TRIAL COURT ERRED IN GRANTING INTERVENING DEFENDANT GRANGE'S MOTION TO DISMISS."
 {¶ 10} This matter is now before this court for consideration.
 BOTH ASSIGNMENTS OF ERROR {¶ 11} All appellants claim the trial court erred in granting appellee's Civ. R. 12(C) motion. We disagree.
 {¶ 12} Civ. R. 12(C) states, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A motion for *Page 4 
judgment on the pleadings pursuant to Civ. R. 12(C) "presents only questions of law, and determination of the motion for judgment on the pleadings is restricted solely to the allegations in the pleadings."Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 165. "[Dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. * * * Thus, Civ. R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law. * * *" State ex rel. MidwestPride IV, Inc. v. Pontious (1996), 75 Ohio St.3d 565, 570. (Citations omitted.)
 {¶ 13} In its judgment entry filed November 30, 2007, the trial court found appellee's homeowners policy did not provide coverage, finding the following:
 {¶ 14} "Plaintiff's injuries arose from a motor vehicle accident with defendant Allen. Plaintiff asserts claims for negligent driving and that a dangerous condition of Allen's property obstructing Allen's view as Allen entered the roadway caused the accident. Defendant Allen asserts that Grange is obligated to defend him because plaintiff's claims involving the condition of his property are within the coverage provided by the Grange policy.
 {¶ 15} "The insurance contract between defendant Grange Mutual and defendant Allen excludes from coverage `bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading or negligent entrustment of a motor vehicle owned or operated by an insured person. The plaintiff's injuries arose from the use of a motor vehicle operated by the insured. The policy excludes coverage whether *Page 5 
the insured's use of the vehicle is negligent or not. It is clear that the policy was not intended to cover an automobile accident involving the insured. Thus, even if it is found that the condition of Allen's property contributed to or was the cause of plaintiff's injuries, the injuries still arose from the use of a motor vehicle by the insured.
 {¶ 16} "The Court finds upon reconsideration that plaintiff's injuries are excluded from coverage under Allen's policy with Grange."
 {¶ 17} Appellants argue because concurrent causes of the injuries were alleged in the complaint, it was error for the trial court to grant the Civ. R. 12(C) motion. In their complaint filed November 6, 2006, appellants Kallaus claimed negligence in backing out of the driveway onto the roadway, and negligence in failing to maintain and/or trim trees and shrubbery abutting the driveway that obscured a driver's southward vision while exiting the driveway:
 {¶ 18} "2. At the same time and date as set forth above, Defendant Danny R. Allen was operating a 1993 Ford F-350 truck and was attempting to back same out of the driveway at 8472 Columbia Road, SW, so as to travel on that thoroughfare.
 {¶ 19} "3. At the time, date, and place as mentioned above, Defendant Danny R. Allen negligently operated the aforedescribed Ford truck so as to attempt to back onto Columbia Road without yielding the right-of-way to the Plaintiff, and thereby collided into Plaintiff.
 {¶ 20} "4. As a proximate result of the negligence of defendant Danny R. Allen as set forth above, Plaintiff was caused to incur great pain and serious personal injuries, many of which may be permanent in nature. *Page 6 
 {¶ 21} "11. At the time and date of the accident set forth in the First Cause of Action above, the ability to see southbound traffic on Columbia Road while attempting to exit the driveway at 8472 Columbia Road was obscured by shrubbery and trees abutting that driveway.
 {¶ 22} "12. Placing and/or maintaining and/or failing to trim or remove the trees and shrubs that obscure the southward vision of vehicle operators attempting to exit the driveway at 8472 Columbia Road, are negligent acts on the part of the owners of said property, Defendants Danny R. Allen and Terresa A. Allen, Trustees of the Terresa A. Allen Trust Dated 6/27/00.
 {¶ 23} "13. Defendants Danny R. Allen and Terresa A. Allen, Trustees, have a duty to travelers on Columbia Road, including Plaintiff, to not maintain such a hazard.
 {¶ 24} "14. The negligence of Defendants Danny R. Allen and Terresa A. Allen, Trustees, as described above, is a proximate cause of the collision and subsequent injuries suffered by Plaintiff Gerald F. Kallaus."
 {¶ 25} The pertinent portions of the homeowners policy at issue are as follows:
 {¶ 26} "SECTION II — PERSONAL LIABILITY PROTECTION
 {¶ 27} "COVERAGE E — PERSONAL LIABILITY PROTECTION
 {¶ 28} "We will pay all sums, up to our limits of liability, arising out of any one loss for which an insured person becomes legally obligated to pay as damages because of bodily injury or propertydamage, caused by an occurrence covered by this policy.* * *
 {¶ 29} "COVERAGE F — MEDICAL PAYMENTS TO OTHERS COVERAGE *Page 7 
 {¶ 30} "We will pay the reasonable expenses incurred for necessary medical, surgical, x-ray and dental services, prosthetic devices, eyeglasses, hearing aids, pharmaceuticals, ambulance, hospital, licensed nursing and funeral services. These expenses must be incurred within three years from the date of an accident causing bodily injury covered by this policy.
 {¶ 31} "Each person who sustains bodily injury is entitled to this protection when that person is:
 {¶ 32} "1. on an insured premises with the permission of aninsured person, or
 {¶ 33} "2. elsewhere, if the bodily injury:
 {¶ 34} "(a) arises out of a condition in the insured premises or the adjoining ways; * * *
 {¶ 35} "EXCLUSIONS — SECTION II
 {¶ 36} "Under Personal Liability Coverage and Medical Payments to Others Coverage, we do not cover:
 {¶ 37} "1. Bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading or negligent entrustment of:
 {¶ 38} "(b) motor vehicles, all other motorized land conveyances, and trailers, owned or operated by or rented or loaned to an insuredperson."
 {¶ 39} In its Intervenor's Amended Cross-Claim for Declaratory Judgment filed March 8, 2007, appellee conceded, "Defendants Allen are both named insureds by definition in the policy," and a certified copy of said policy was attached as Exhibit A.
 {¶ 40} Appellants Kallaus argue appellants Allen's negligence in maintaining the property was a concurrent cause of the negligence in operating the motor vehicle and *Page 8 
therefore appellee had a duty to defend. Appellee argues the decision rendered by our brethren from the Second District in Lehrner v. SafecoIns./Am. States Ins. Co., 171 Ohio App.3d 570, 2007-Ohio-795, is persuasive on the issue of concurrent causes. Appellants argue followingLehrner will lead to inconsistent results. In discussing a policy's exclusionary language "arises out of," the Lehrner court stated the following at ¶ 32:
 {¶ 41} "[W]e see no ambiguity in the policy's exclusionary language and, therefore, no basis for construing it against Utica. The only conceivable ambiguity involves the phrase `arises out of.' In our view, however, this phrase is unambiguous. `Arise' means `[t]o originate; to stem (from)' or `[t]o result (from).' Black's Law Dictionary 115 (8th Ed. 2004). Therefore, the Utica policy does not pay for a bodily injury that originates, stems, or results from the operation or supervision of an automobile. The injury to the Lehrners did originate, stem, or result from the operation or supervision of Jock's automobile. We find no ambiguity."
 {¶ 42} We concur with this definition and agree the term "arises out of" excludes a claim when the injury originates via the operation of a motor vehicle.
 {¶ 43} Appellants also argue there are concurrent causes of the injuries and as long as one of the causes of the accident (the overgrowth of the trees and shrubbery) is within coverage, there is coverage. The policy in the Lehrner case included a concurrent cause exclusion. However, the Lehrner court at ¶ 35 found, "even without regard to the concurrent-cause language, our own case law supports a determination that the Utica policy exclusion applies." TheLehrner court quoted from its prior decision *Page 9 
in United States Fidelity Guaranty Co. v. St. Elizabeth MedicalCenter (1998), 129 Ohio App.3d 45, 51-52, wherein the Second District noted the following:
 {¶ 44} "`The nature of many liability insurance losses is such that it is almost always possible to theoretically separate the activity which was occurring at the time of the loss (driving, loading, treating patients, and so forth), from some related but antecedent or concurrent activity that arguably contributed to the loss (hiring, supervision, training, packing, and so forth).' 7 Couch on Insurance (3 Ed. 1997) 101-157, Section 101:60.
 {¶ 45} "It is often the case that `the activity which was occurring at the time of the loss' (e.g., treating patients) is excluded from coverage under the insurance policy in question, while the `related but antecedent or concurrent activity that arguably contributed to the loss' (e.g., hiring, supervision, etc.) is not excluded. In such cases, courts will allow recovery under the policy where the preliminary or concurrent act of planning, supervising, etc. is `independent' of the excluded cause. Id. * * * Conversely, courts will disallow recovery where the preliminary or concurrent act contributing to the loss is not independent of the excluded cause. * * * The preliminary or concurrent act contributing to the loss is independent of the excluded cause only where the act (1) can provide the basis for a cause of action in and of itselfand (2) does not require the occurrence of the excluded risk to make it actionable." (Citations omitted.)
 {¶ 46} We agree with the Second District's analysis inLehrner and United States Fidelity Guaranty Co. *Page 10 
 {¶ 47} As applied sub judice, there is no possible way the obstructing trees and shrubbery claim can be the basis of a cause of action in and of itself without the operation of the motor vehicle and without which a cause of action could be maintained.
 {¶ 48} Appellants Allen argue the trial court's ruling was premature, citing the case of City of Sharonville v. American Employers InsuranceCo. (2006), 109 Ohio St.3d 186, paragraph one of the syllabus, in support: "The issuer of a law-enforcement liability insurance policy has a duty to defend its insured against an action when the complaint contains an allegation of conduct that could arguably be considered covered by the policy."
 {¶ 49} Although we agree with this syllabus language, we nonetheless find despite appellants Allen's assertions regarding the concurrent cause exclusions, coverage cannot arguably be provided by the policy as discussed supra.
 {¶ 50} Upon review, we find the trial court did not err in granting appellee's Civ. R. 12(C) motion.
 {¶ 51} Both assignments of error are denied. *Page 11 
 {¶ 52} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed. By Farmer, J. Gwin, P.J. and Wise, J. concur.
 Farmer, J., Gwin, P.J. and Wise, J., concur. *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. *Page 1