[Cite as *Grange Ins. Co. v. Riggs*, 2022-Ohio-955.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GRANGE INSURANCE COMPANY | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 21-CA-00013 |
| SUSAN RIGGS, ADMINISTRATOR<br>OF THE ESTATE OF SARA RIGGS,<br>ET AL. | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Perry County Court of
Common Pleas, Case No. 19-CV-00230


JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     March 24, 2022


APPEARANCES:


For Plaintiff-Appellee     For Defendants-Appellants –
Susan Riggs and Ronald Riggs, Co-
Administrators of the Estate of Sara
Riggs

MERLE D. EVANS, III     ROBERT G. MCCLELLAND, ESQ.
Milligan Pusateri Co., LPA     Graham & Graham Co., LPA
P.O. Box 35459     Graham Law Building
4684 Douglas Circle, N.W.     P.O. Box 340
Canton, Ohio 44735     17 N. 4th Street
Zanesville, Ohio 43702-0340

For Defendant-Appellant -
Kody A. McGrath

SYDNEY S. MCLAFFERTY, ESQ.
Geiser, Bowman & McLafferty, LLC
495 South High Street, Suite #400
Columbus, Ohio 43215

For Defendant-Appellant -
Donald Wallace, Administrator of the
Estate of Dusty R. Wallace

JOSHUA D. MILLER
Toriseva Law
1446 National Road
Wheeling, WV 26003

*Hoffman, J.*

**{¶1}** Defendants-appellants Susan and Ronald Riggs, Co-Administrators of the Estate of Sara Riggs; Kody A. McGrath; and Donald Wallace, Administrator of the Estate of Dusty R. Wallace appeal the summary judgment entered by the Perry County Common Pleas Court declaring insurance coverage did not exist for an automobile accident under a farmowner's policy issued by Plaintiff-appellee Grange Insurance Company (hereinafter "Grange").

STATEMENT OF THE FACTS AND CASE

**{¶2}** Lori Snyder-Lowe (hereinafter "Lori") is the mother of Athena Lowe (hereinafter "Athena"). On March 17, 2016, when Athena was sixteen years old, she was driving a motor vehicle owned by Lori in Morgan County, Ohio. Athena caused an automobile accident which killed Sara Riggs and Dusty Wallace, and injured Kody McGrath, all occupants of a vehicle driven by Sara Riggs. Subsequently, McGrath and the Estates of Riggs and Wallace filed litigation in the Perry County Common Pleas Court.

**{¶3}** Appellants alleged in the underlying litigation the Lowes were entitled to liability coverage under two separate policies issued by Grange to the Lowes: a personal automobile police, and a separate farmowner's policy. Grange filed the instant declaratory judgment action in the Perry County Common Pleas Court seeking a declaration Athena Lowe and Lori Snyder-Lowe were not entitled to liability coverage under the farmowner's policy based on application of the "auto exclusion" included in the farmowner's policy.

**{¶4}** The parties stipulated at the time of and prior to the collision on March 17, 2016, Athena was operating a motor vehicle while using a cellular phone with the encouragement, consent, and/or permission of Lori. The communications by Lori

provided a distraction to Athena while she was operating the motor vehicle, at the time of and prior to the collision. Lori's actions in communicating with Athena by cellular phone were negligent, and the actions of Lori were a proximate cause of the accident.

**{¶5}** The farmowner's policy issued to Lori by Grange excludes liability coverage for injuries arising out of the maintenance, use, or operation of any motor vehicle by any insured or any other person. Appellants moved for summary judgment, arguing the negligent acts of Lori were separate and distinct from Athena's operation of the motor vehicle, and thus the auto exclusion would not apply. Grange also moved for summary judgment, arguing the auto exclusion applies, and thus liability coverage was not available under the farmowner's policy.

**{¶6}** The trial court granted Grange's motion for summary judgment and denied Appellants' motion for summary judgment.

**{¶7}** It is from the July 30, 2021 judgment of the Perry County Common Pleas Court Appellants prosecute their appeal, assigning as error:

THE TRIAL COURT ERRED IN GRANTING GRANGE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

**{¶8}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36 (1987). As such, we must refer to Civ. R. 56(C) which provides in pertinent part:

Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

**{¶9}** Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77

Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶10} In the trial court, both parties agreed there were no disputed facts, as the case was submitted to the trial court on stipulated facts, and each side argued they were entitled to summary judgment as a matter of law. Appellants now argue the trial court erred as a matter of law in denying their motion for summary judgment while granting Grange's motion for summary judgment.

{¶11} Appellants argue the phrase "arising out of" as used in the insurance policy is synonymous with "originating from." They argue the death and injuries in the instant case did not originate from the operation of the motor vehicle by Athena, but rather originated first from the negligent distraction by Lori. They argue Lori's negligent distraction caused Athena's negligent operation, causing the deaths of Sara Riggs and Dusty Wallace and the injuries to Kody McGrath.

{¶12} We find Appellants apply too narrow a definition of the phrase "arising out of" to include only "originating from." In finding an auto exclusion similar to the one in the instant case barred coverage for a negligent supervision claim where the bodily injury was caused by the operation of a motor vehicle, the Second District Court of Appeals concluded the phrase "arising out of" was unambiguous, as "arise" means "['t]o originate; to stem (from)' or '[t]o result (from).'" *Lehrner v. Safeco Ins./Am.States Ins.Co.,* 171 Ohio App. 3d 570, 872 N.E.2d 295, 2007-Ohio-795 (Montgomery County), ¶32, *citing* Black's Law Dictionary 115 (8th Ed. 2004). In the instant case, we therefore find the term "arising out of" as used in the auto exclusion is not limited strictly to the act of negligence the

bodily injuries "originated from," but also extends to bodily injuries which "resulted from" the use of a motor vehicle.

{¶13} In *Kallaus v. Allen*, 5th Dist. Licking No. 07CA0153, 2008-Ohio-5081, Kallaus was involved in a motor vehicle accident caused by Allen backing out of a driveway without yielding the right of way to Kallaus. Kallaus alleged the property owners negligently failed to trim shrubbery along the driveway, blocking Allen's view, which was a proximate cause of the accident. In determining the auto exclusion included in the property owners' homeowner's policy barred coverage, this Court reasoned:

Appellants Kallaus argue appellants Allen's negligence in maintaining the property was a concurrent cause of the negligence in operating the motor vehicle and therefore appellee had a duty to defend. Appellee argues the decision rendered by our brethren from the Second District in *Lehrner v. Safeco Ins./Am. States Ins. Co.,* 171 Ohio App.3d 570, 872 N.E.2d 295, 2007–Ohio–795, is persuasive on the issue of concurrent causes. Appellants argue following *Lehrner* will lead to inconsistent results. In discussing a policy's exclusionary language "arises out of," the *Lehrner* court stated the following at ¶ 32:

"[W]e see no ambiguity in the policy's exclusionary language and, therefore, no basis for construing it against Utica. The only conceivable ambiguity involves the phrase 'arises out of.' In our view, however, this phrase is unambiguous. 'Arise' means '[t]o originate; to stem (from)' or '[t]o result (from).' Black's Law Dictionary 115 (8th Ed.2004). Therefore, the

Utica policy does not pay for a bodily injury that originates, stems, or results from the operation or supervision of an automobile. The injury to the Lehrners did originate, stem, or result from the operation or supervision of Jock's automobile. We find no ambiguity."

We concur with this definition and agree the term "arises out of" excludes a claim when the injury originates via the operation of a motor vehicle.

Appellants also argue there are concurrent causes of the injuries and as long as one of the causes of the accident (the overgrowth of the trees and shrubbery) is within coverage, there is coverage. The policy in the *Lehrner* case included a concurrent cause exclusion. However, the *Lehrner* court at ¶ 35 found, "even without regard to the concurrent-cause language, our own case law supports a determination that the Utica policy exclusion applies." The *Lehrner* court quoted from its prior decision in *United States Fidelity & Guaranty Co. v. St. Elizabeth Medical Center* (1998), 129 Ohio App.3d 45, 51–52, 716 N.E.2d 1201, wherein the Second District noted the following:

" 'The nature of many liability insurance losses is such that it is almost always possible to theoretically separate the activity which was occurring at the time of the loss (driving, loading, treating patients, and so forth), from some related but antecedent or concurrent activity that arguably contributed to the loss (hiring, supervision, training, packing, and so forth).' 7 Couch on Insurance (3 Ed.1997) 101–157, Section 101:60.

"It is often the case that 'the activity which was occurring at the time of the loss' (e.g., treating patients) is excluded from coverage under the insurance policy in question, while the 'related but antecedent or concurrent activity that arguably contributed to the loss' (e.g., hiring, supervision, etc.) is not excluded. In such cases, courts will allow recovery under the policy where the preliminary or concurrent act of planning, supervising, etc. is 'independent' of the excluded cause. Id. * 1201, 716 N.E.2d 1201 Conversely, courts will disallow recovery where the preliminary or concurrent act contributing to the loss is not independent of the excluded cause.* * * The preliminary or concurrent act contributing to the loss is independent of the excluded cause only where the act (1) can provide the basis for a cause of action in and of itself and (2) does not require the occurrence of the excluded risk to make it actionable." (Citations omitted.)

We agree with the Second District's analysis in *Lehrner* and *United States Fidelity & Guaranty Co.*

As applied sub judice, there is no possible way the obstructing trees and shrubbery claim can be the basis of a cause of action in and of itself without the operation of the motor vehicle and without which a cause of action could be maintained.

**{¶14}** *Kallaus* at ¶¶ 40-47.

**{¶15}** We agree with our reasoning in *Kallaus*, and find while the facts were different in *Kallaus*, it is a distinction without a legally significant difference. In the instant

case, there is no possible way Lori's negligence in distracting Athena while Athena was driving could be the basis of a cause of action in and of itself without Athena's operation of the motor vehicle. Had Athena not been operating a motor vehicle at the time Lori called and/or texted Athena, there would be no claim of negligence. Further, absent Athena's operation of the motor vehicle at the time Lori's cellular phone use distracted Athena, the bodily injuries would not have occurred.

{¶16} The Sixth Circuit Federal Court of Appeals reviewed Ohio case law interpreting an auto exclusion in *Barge v. Jaber*, 39 F.3d 1181, WL 601400 (1994). The plaintiffs argued the auto exclusion did not apply where negligence separate and apart from the operation of the vehicle caused or contributed to the accident. By reviewing relevant Ohio case law, the court gleaned the following general rule:

> When the vehicle is a non-essential element of the cause of the injuries and the actual cause was a wholly independent, non-related act, the injury will be removed from the scope of the "auto exception." Conversely, when the use of the automobile is intertwined with the negligence causing the injuries, then the "auto exception" will be held to apply.

{¶17} *Id*. at *5.

{¶18} In the instant case, the vehicle was not a non-essential element of the cause of the injuries. Lori's negligent distraction of Athena was not a wholly independent, non-related act, because but for the fact Athena was driving at the time, Lori's conduct would not have been negligent, nor would the injuries have resulted from Lori's conduct. The

use of the automobile in the instant case is inextricably intertwined with the negligence causing the injuries, and thus the auto exclusion in the farmowner's policy issued by Grange applies.

**{¶19}** We find the trial court did not err in denying Appellants' motion for summary judgment and granting Grange's motion for summary judgment. The assignment of error is overruled.

**{¶20}** The judgment of the Perry County Common Pleas Court is affirmed.


By: Hoffman, J.

Gwin, P.J. and

Delaney, J. concur